■ WILLIS H. WOOD, Respondent, v. COUNTY OF BROOME et al., Appellants. GEORGE J. BROWN, Appellant, v. WILLIS H. WOOD et al., Respondent. ROLAND BROWN, Appellant, v. WILLIS H. WOOD et al., Respondents.— Appeals from judgments entered on verdicts of a jury at a Trial Term of the Supreme Court, Broome County, and from an order which denied motions by the defendants, County of Broome and George J. Brown, and by the plaintiffs Brown to set aside the verdicts and for a new trial. This accident, out of which these three personal injury actions arose, occurred on November 25, 1957 at the intersection of South Washington Street and Vestal Parkway in the City of Binghamton. It involved a collision between an ambulance owned by the County of Broome, operated by George J. Brown, and a motor truck owned by Triple Cities Metal Finishing Company driven by one Wood. Roland Brown, an orderly, and one Cossentine, a practical nurse, both employed at the Broome County Home and Hospital, were riding in the rear part of the ambulance. Wood has a judgment against the County of Broome and George J. Brown and the jury found, with consistency, that the plaintiffs Brown were not entitled to recover against him. The truck was being driven easterly on Vestal Parkway; the ambulance southerly on South Washington Street. Vestal Parkway had an over-all width of 76 feet; it was divided in the center by a four-foot mall thereby providing three lanes, each 12 feet wide, for eastbound traffic and a like number of the same width for use by westbound vehicles. South Washington Street was about 42 feet in width. Wood testified that as he approached the intersection, he brought his vehicle to a stop about a truck length west of the west curb line of South Washington Street. At that time the traffic control light at the intersection was red. Another eastbound vehicle had also stopped for the light in the inside lane of Vestal Parkway. After the light had changed from red to green, his testimony was that he waited for a woman and child walking southerly on Vestal Parkway to clear his truck, looked in both directions and seeing no traffic, started his vehicle and moved into the intersection. At about the same time the automobile alongside and to his left began to proceed, suddenly slackened its speed and then stopped. Wood testified that at this point he again looked to his left. He contends that the passenger car in the adjacent lane obstructed his view in that direction. His vehicle continued about a half truck length farther into the intersection where it was struck on its left side near the cab by the ambulance which was proceeding through the intersection. Wood did not see the approaching ambulance. Nor did he hear its siren sound. Witnesses engaged in various pursuits in the vicinity — a pedestrian walking northerly on the west side of South Washington Street, an on-duty policeman in a laundromat near the intersection, an operator of a vehicle approaching it on Vestal Parkway from the east and the driver of a stopped vehicle facing north on South Washington Street south of Vestal Parkway — testified that they did not hear the siren's warning as the ambulance approached and entered the intersection. There was testimony that it was then traveling "35 to 40 mph or a little faster". The ambulance driver testified that he entered the

intersection on a green arrow. When he observed Wood's vehicle proceeding in the intersection from his right, he stated that he applied the brakes of his vehicle and turned to the left in an effort to avoid the collision. He testified that the siren of the ambulance was in constant operation until he observed Wood's truck in the intersection when he removed his hand from the horn ring, the method by which the siren was stilled, better to control the vehicle. The orderly testified that " the siren was still blowing " after the ambulance had " come off the end of the bridge " located several hundred feet to the north of the intersection. The practical nurse stated that at the time of the accident the siren was sounding. Others who were nearby — the proprietor of a furniture store located on the south side of South Washington Street one building north of Vestal Parkway, an off-duty police officer sitting in a prowl car facing south on the west side of South Washington Street, a clerk in a store located at the corner of South Washington Street and the Parkway and an employee coming out of the yard of a place of business located on the west side of South Washington Street — testified that they heard the siren sounding as the ambulance approached the intersection. There was undisputed testimony that its flashing lights were in operation. The sharply conflicting evidence of the parties on the decisive issues " whether the siren of the ambulance was being so ' sounded ' at the approach to the intersection as to give the ' adequate warning ' required by the statute " (*County of Broome* v. *Binghamton Taxicab Co.*, 276 App. Div. 438, 439) and whether Wood entered the intersection with due caution under the circumstances presented questions of fact. We cannot say that the jury's findings — implicit in the verdicts — that Wood was free from negligence and that the ambulance driver was negligent are against the weight of the credible evidence. Although the proof of the mission of the ambulance was undisputed, it was susceptible of divers inferences. It was not error to leave to the jury the determination of the question whether or not it was on an emergency trip justifying the application of the right of way statutes and the city ordinance. (Vehicle and Traffic Law, § 82, subd. 1; § 84.) In the state of this record, the trial court's ruling which excluded the police report was correct. The jury's appraisal of Wood's injuries was within permissible compensatory limits. Judgments and orders unanimously affirmed, with costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.